**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01662-REB

SCOTT P. HEDDINGS,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

    This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#3][1] filed July 13, 2010, by Applicant Scott P. Heddings. On September 13, 2010, I ordered Respondent to show cause why the Application should not be granted. Respondents have filed a **Response to Order to Show Cause** ("Response") [#18], and Applicant has filed **Applicant's Reply to Response of Order to Show Cause** ("Reply") [#21].

    I must and do construe the papers filed by Applicant liberally because he is not represented by an attorney. *See **Haines v. Kerner***, 404 U.S. 519, 520 (1972) (per curiam); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See **Hall***, 935 F.2d at 1110.

---

[1] "[#3] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, I conclude that the Application should be denied.

## I. BACKGROUND

Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP"). He is incarcerated currently at the Federal Correctional Institution at Englewood, Colorado. Applicant is challenging the BOP's computation of his federal sentence. As relief, he seeks an order directing the BOP to credit his federal sentence with 1,279 days of prior custody.

The basic facts in this action are not in dispute. Applicant was arrested by state officials in Montana on September 12, 2005. While in state custody, and before the state court criminal case against him was resolved, Applicant was borrowed by federal authorities pursuant to a writ of habeas corpus ad prosequendum and prosecuted in federal court. Pursuant to a guilty plea, Applicant was convicted in the United States District Court for the District of Montana on one count of receipt of child pornography and one count of destruction or removal of property to prevent seizure. (*See* [#18-1] at 1.) On September 6, 2007, the District of Montana sentenced Applicant to twenty years in the custody of the BOP. (*See id*. at 2.) The judgment in Applicant's federal case is silent with respect to any relationship with Applicant's then-pending state case. (*See id*.)

Following his federal sentencing, Applicant was returned to state custody. On October 25, 2007, Applicant was sentenced in the state court proceedings to twenty

years in prison with sixteen years suspended. (*See* [#3-1] at 47-49.) The state court sentence was ordered to run concurrently with Applicant's federal sentence and Applicant received 773 days of credit for time served when the state sentence was imposed. (*See id.* at 49.)

Following imposition of his state sentence, Applicant was transported to the Montana state prison to serve that sentence. On May 1, 2009, Applicant was paroled from his state sentence and he was placed in the custody of federal officials.

The BOP determined that Applicant's federal sentence commenced on May 1, 2009. (*See* [#3-1] at 53.) The BOP determined also that Applicant is not entitled to any prior custody credit on his federal sentence. (*See id.*) Finally, while Applicant was in state custody prior to his release on May 1, 2009, the BOP denied his request for a retroactive, *nunc pro tunc* designation of the state prison for concurrent service of his federal sentence. (*See* [#3-1] at 57-58.)

Applicant asserts three claims for relief in the Application, each of which is premised on the BOP's refusal to award prior custody credit on his federal sentence. He claims first that he is entitled to credit against his federal sentence for the entire period from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009. Applicant alleges in his second claim that the BOP has violated his right to due process by failing to credit his federal sentence with the time spent in Montana state prison in violation of his plea agreement with the State of Montana in his state court case. In his third claim, Applicant contends that the BOP has violated the Separation of Powers doctrine by increasing his federal sentence beyond the twenty-

year-sentence imposed by the District of Montana.

## II. DISCUSSION

### Claim One

Applicant claims first that he is entitled to credit against his federal sentence for his entire confinement beginning on September 12, 2005. The BOP determined that Applicant's federal sentence commenced on May 1, 2009, and that he is not entitled to credit for any period of custody prior to that date. Applicant argues specifically that he is entitled to credit from the date of his arrest until the date he was sentenced in federal court because he was incarcerated on an otherwise bailable state offense until the federal government lodged a detainer that prevented his release and, at the time of his federal sentencing, the time had not been credited against another sentence. Applicant argues that he is entitled to credit for the time period after he was sentenced in state court because the state sentence was ordered to run concurrently with the federal sentence and, through no fault of his own, he was transferred to a state prison following imposition of the state sentence rather than into federal custody as contemplated by the state court and the parties to the state plea agreement. These arguments lack merit.

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. That statute provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any

> time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. **See United States v. Wilson**, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

Applicant does not challenge the BOP's determination under § 3585(a) that his federal sentence actually commenced on May 1, 2009. In any event, such a challenge would lack merit because Applicant was not received in federal custody until May 1, 2009, and "a federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." **Binford v. United States**, 436 F.3d 1252, 1255 (10th Cir. 2006). Furthermore, federal authorities had no duty to take Applicant into custody prior to completion of his state sentence. **See Bloomgren v. Belaski**, 948 F.2d 688, 691 (10th Cir. 1991).

Applicant also does not challenge Respondent's assertion that the entire time from his arrest on September 12, 2005, until his federal sentence commenced on May 1, 2009, actually was credited to his Montana state sentence. Therefore, Applicant is not entitled to credit against his federal sentence for the same period of prior custody

because "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." **Wilson**, 503 U.S. at 337.

The fact that Applicant's state court sentence was ordered to run concurrently with his federal sentence is not relevant to the computation of his federal sentence in this instance because the state court sentence cannot alter the federal sentence. Instead, Applicant's federal sentence is controlled by 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Furthermore, "[t]he determination by federal authorities that [Applicant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." **Bloomgren**, 948 F.2d at 691; **see also United States v. Eccleston**, 521 F.3d 1249, 1254 (10th Cir. 2008) ("Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence."); **Still v. Milyard**, 361 F. App'x 908, 910 (10th Cir. 2010) ("[E]ven when a state court imposes a state sentence to be served concurrently with a federal sentence, commencement of the federal sentence remains a matter of federal authority.").

Applicant's various arguments that he is entitled to double credit for all or part of his custody prior to commencement of his federal sentence on May 1, 2009, do not alter this conclusion. His reliance on **Kayfez v. Gasele**, 993 F.2d 1288 (7th Cir. 1993), is misplaced because **Kayfez** involves the computation of concurrent state and federal

sentences of differing lengths.  **See Nelson v. Yost**, 362 F. App'x 327, 329 n.3 (3d Cir. 2010).  Applicant is not serving concurrent state and federal sentences because the BOP correctly has determined that Applicant's federal sentence must be served consecutively to his state sentence.

Applicant's contention that he is entitled to prior custody credit on his federal sentence because, at the time the federal sentence was imposed, the time had not been credited to any other sentence also lacks merit because his federal sentence did not commence on the date the sentence was imposed.  Section 3585(b) provides for "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  This language clearly contemplates that the BOP will determine whether credit for prior custody is appropriate only after a federal sentence commences.  **See Wilson**, 503 U.S. at 334 (noting that "[b]ecause § 3585(b) bases the credit on how much time a defendant 'has spent' (not 'will have spent') prior to beginning his sentence, the District Court could not compute the amount of the credit at sentencing").  When Applicant's federal sentence commenced on May 1, 2009, the prior custody time in question had been credited to his state sentence and, as a result, could not be credited to his federal sentence.

Applicant argues next that he is entitled to prior custody credit for the time after the state sentence was imposed because his state plea agreement and the state court contemplated that he would be taken into federal custody immediately.  This argument lacks merit because Applicant was not taken into federal custody at that time, and his federal sentence did not commence at that time.  Even assuming Applicant's state plea

agreement contemplated an immediate transfer to federal custody, that agreement does not control the operation of his federal sentence. **See Thomas v. Ledezma**, 341 F. App'x 407, 412-13 (10th Cir. 2009). In addition, as noted above, federal authorities had no duty to take Applicant into custody until he was released from state custody on completion of his state sentence. **See Bloomgren**, 948 F.2d at 691.

I also am not persuaded by Applicant's argument that the wording of the writ of habeas corpus ad prosequendum used by federal authorities to borrow him from state custody prevented his return to state custody following imposition of his federal sentence and somehow entitles him to double credit.

Finally, Applicant's contention that the BOP's refusal to grant him prior custody credits "equates to a violation of his Equal Protection rights" ([#3] at 16) lacks merit because he fails to allege facts that demonstrate the BOP has treated him differently than any similarly situated individual with respect to the award of prior custody credits. Instead, Applicant alleges in support of his equal protection argument that "he was not treated the same, or local officials made a mistake" (***id.***), when another county jail inmate who also had been sentenced in federal court, and with whom Applicant was housed while their Montana state court cases were pending, was taken into federal custody immediately after receiving a concurrent state sentence instead of being transported to a state facility as Applicant was. However, Applicant does not allege that the BOP has treated him differently than any similarly situated inmate with respect to an award of prior custody credits.

For all of these reasons, I find that Applicant's first claim lacks merit because the

BOP determined properly that Applicant is not entitled to any credit against his federal sentence for any time prior to May 1, 2009.

**Claim Two**

Applicant's second claim is that the BOP has violated his right to due process. He contends specifically that the BOP failed to effectuate his plea agreement with the State of Montana in his state court case by failing to credit his federal sentence with the time spent in Montana state prison. This claim lacks merit for the simple reason that the BOP is not a party to Applicant's state plea agreement and, as a result, has no duty to effectuate that agreement in any way. Furthermore, as discussed above, "the determination by federal authorities that [Applicant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." ***Bloomgren***, 948 F.2d at 691; *see also **Eccleston***, 521 F.3d at 1254 ("Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence."); ***Still***, 361 F. App'x at 910 ("[E]ven when a state court imposes a state sentence to be served concurrently with a federal sentence, commencement of the federal sentence remains a matter of federal authority."). To the extent Applicant may contend his state plea agreement has been violated in some way by the State of Montana, he must seek relief from an appropriate state official.

**Claim Three**

Applicant's final claim is that the BOP has violated the Separation of Powers

doctrine by increasing his federal sentence beyond the twenty-year-sentence imposed by the District of Montana. This claim relates to Applicant's May, 2008, request for a retroactive, *nunc pro tunc* designation of the Montana state prison for concurrent service of his federal sentence. Applicant explains his third claim as follows:

> Petitioner claims that the Bureau of Prisons has usurped a judicial function in making a determination of whether to grant or deny his request to make the Montana State Prison designation in the 5160.05 request. The B.O.P., in its policy and determination process, take[s] an administrative function and turn[s] it into a judicial one when using the factors set forth in the statute of 18 USC § 3621(b) to determin[e] applicability to designate a state institution for service of the federal sentence.
>
> . . . .
>
> In the B.O.P.'s determination to grant or not the request for nunc pro tunc designation of the state facility, it took what was a judicial function and turned it into an administrative one, usurping its authority beyond what Congress delegated to it. The B.O.P. in its decision has turned an ordered concurrent sentence into a consecutive one. This action violates my constitutional rights.

([#3] at 18.)

Applicant cites no legal authority in support of the arguments he makes in his third claim, and I find that the arguments are factually inaccurate and lack merit. With respect to Applicant's specific contention that the BOP has usurped a judicial function and increased the length of his federal sentence, I disagree and find instead that Applicant is serving a federal sentence of twenty years in the custody of the BOP as set forth in the amended judgment in his federal case. (*See* [#18-1] at 2.) Applicant's disagreement with the computation of his federal sentence does not demonstrate that the BOP resentenced him to a longer term of incarceration in his federal case.

With respect to his May, 2008, request for a retroactive, designation of the Montana state prison for concurrent service of his federal sentence, I find that the BOP has exercised properly the broad discretion granted by Congress in 18 U.S.C. § 3621(b) to "designate the place of the prisoner's imprisonment." The specific factors the BOP must consider in exercising this discretion are

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

18 U.S.C. § 3621(b).

Following Applicant's May, 2008, request for a retroactive, *nunc pro tunc* designation of the Montana state prison for concurrent service of his federal sentence, the BOP considered all five factors and denied the request. (***See*** [#3-1] at 57-58.) Although it is not clear why Applicant believes the BOP may not consider these statutorily-mandated factors, I do not find that consideration of the factors established by Congress in § 3621(b) violated Applicant's constitutional rights in any way. Therefore, I find that Applicant's third claim also lacks merit.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#3] filed July 13, 2010, by Applicant Scott P. Heddings is **DENIED**;

2. That Applicant's request regarding the marking of future correspondence [#22] filed February 3, 2011, is **DENIED** and **Applicant's Motion for Status of Case or Notice of Disposition** [#23] filed May 10, 2011, is **DENIED** as moot; and

3. That this case is **DISMISSED WITH PREJUDICE**.

Dated July 8, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge